**OMNI QUARTZ, LTD., Plaintiff–Appellant,**

v.

**CVS CORPORATION and Revco D.S. Inc., Defendants–Appellants.**

No. 03–9113.

United States Court of Appeals, Second Circuit.

May 28, 2004.

James Klatsky, Raice, Paykin & Krieg, LLP, New York, NY, for Appellant.

Miriam A. Widmann, Allyn & Fortuna LLP, New York, NY, for Appellee.

Present: MINER, POOLER, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Omni Quartz appeals from a judgment of the district court dismissing, pursuant to Federal Rule of Civil Procedure 56, its claim for damages arising from CVS and Revco's (collectively referred to as CVS/Revco) failure to abide by the terms of a letter agreement. We assume the parties' familiarity with the underlying facts, procedural history, and specification of appellate issues and hold as follows.

"We review *de novo* questions as to the ambiguity and meaning of the language of a contract and as to the propriety of summary judgment." *Omni Quartz Ltd. v. CVS Corp.,* 287 F.3d 61, 64 (2d Cir.2002) (internal citations removed). At summary judgment, the evidence is construed in the light most favorable to the non-moving party. *Konikoff v. Prudential Ins. Co. of Am.,* 234 F.3d 92, 97 (2d Cir.2000).

The dispute between the parties centers around the meaning of the term "promotion" in the letter agreement. CVS/Revco argues that the term is intended to convey its dictionary definition and thus includes any effort taken by CVS/Revco to increase the retail sales of Omni Quartz watches. Omni Quartz answers that the term is only meant to include the advertising of special watches, ordered by CVS/Revco in addition to the normal line of watches, in connection with a holiday or special event. We do not find it necessary to resolve this dispute, because even accepting the definition of "promotion" advanced by Omni Quartz and viewing the evidence in the light most favorable to it, it is evident that four promotions took place.

Omni Quartz concedes that a Mothers/Fathers Day promotion and a Christmas promotion were held. In addition, the letter agreement explicitly provides for a Stainless Steel Collection promotion, which Omni Quartz concedes took place. The district court did not err in refusing to credit Omni Quartz's argument that this promotion does not count toward the four because the watches required for it were ordered prior to the execution of the letter

agreement. Finally, Omni Quartz's own sales analysis for the Revco account includes a Sportglo promotion that took place in April. As a result, the district court did not err in finding that CVS/Revco had fulfilled the requirements of the letter agreement by holding at least four promotions, and properly granted CVS/Revco's motion for summary judgment. We therefore affirm.